**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Wine, as trustee of the Plaintiff Taft-Hartley trust funds, et al., ) ) ) | No. CV-09-0638-PHX-DGC |
| Plaintiffs, ) ) | **ORDER** |
| vs. ) ) | |
| Winifred Electric, Inc., an Arizona corporation, ) ) ) | |
| Defendant. ) ) | |

Plaintiffs filed a complaint against Defendant Winifred Electric, Inc. on March 31, 2009, asserting various federal law claims brought to enforce the terms of collective bargaining agreements between Defendant and Plaintiff IBEW Local Union No. 640. Dkt. #1. Plaintiff has filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Dkt. #7. For reasons that follow, the Court will deny the motion without prejudice.

Because Defendants' default has been properly entered under Rule 55(a) (*see* Dkt. ##5-6), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). The Court must consider seven specific factors in deciding whether to grant default judgment: (1) the possibility of prejudice to Plaintiffs, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute concerning material facts,

1  (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on
2  the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

3        Plaintiffs assert in their motion that the *Eitel* factors favor default judgment (*see* Dkt.
4  #7 at 2), but do not explain why.  Nor is it entirely clear from the supporting affidavit that
5  each *Eitel* factor weighs in favor of Plaintiffs.  *See* Dkt. #7-2.

6        The Court will deny the motion for default judgment without prejudice.  Plaintiff shall
7  have until **June 5, 2009** to refile the motion.  The new motion shall fully address each *Eitel*
8  factor and also shall include an explanation and evidence sufficient to support any calculation
9  of damages.  *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (factual
10 allegations of the complaint relating to the amount of damages are not taken as true on a
11 motion for default judgment); Fed. R. Civ. P. 8(b)(2)(6) ("An allegation – other than one
12 relating to the amount of damages – is admitted if a responsive pleading is required and the
13 allegation is not denied.").

14 **IT IS ORDERED:**

15 1. Plaintiffs' motion for default judgment (Dkt. #7) is **denied** without prejudice.
16 2. Plaintiffs shall have until **June 5, 2009** to file a new motion for default
17     judgment consistent with this order.

18 DATED this 22nd day of May, 2009.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge