1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Wine and Debra Margraf, trustees of the Plaintiff Taft-Hartley trust funds; IBEW Local Union No. 640 and Arizona Chapter NECA Health & Welfare Fund; IBEW Local Union No. 640 and Arizona Chapter NECA Pension Fund; National Electrical Benefit Fund; Phoenix Electrical Industry Joint Apprenticeship and Training Committee; and NECA-IBEW National Labor-Management Cooperative Fund, Taft-Hartley trusts,<br><br>Plaintiffs,<br><br>vs.<br><br>Winifred Electric, Inc., an Arizona corporation,<br><br>Defendant. | No. CV-09-638-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff IBEW Local Union No. 640 ("Union No. 640") is a labor organization within the meaning of federal labor laws. The Taft-Hartley trust fund Plaintiffs ("Trust Funds") are designated payees of certain employee benefit contributions required to be made by each employer signatory to a collective bargaining agreement ("CBA") with Union No. 640. The Trust Funds were established pursuant to an agreement and declaration of trust which is incorporated by reference into the CBA. Plaintiffs Dean Wine and Debra Margraf are duly-appointed trustees for the Trust Funds. Defendant Winifred Electric, Inc., transacts business in Arizona as a construction contractor and is a signatory to the CBA.

Plaintiffs filed a complaint against Defendant on March 31, 2009, asserting various federal law claims brought to enforce the terms of the CBA. The complaint alleges that Defendant is bound by the terms of the CBA, that the CBA requires Defendant to pay fringe benefit contributions to the Trust Funds based on the number of hours an employee of Defendant has worked, that Defendant has failed to honor its obligation to pay contributions for the period of November 1, 2006 through March 31, 2007, and that Defendant owes certain sums for the unpaid contributions and liquidated damages as provided in the CBA. The complaint asserts claims under the Labor Management Relations Act, 29 U.S.C. 185 ("LMRA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"). Plaintiffs seek compensatory and liquidated damages and an award of attorney fees and costs. Dkt. #1.

Plaintiffs have filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Dkt. #9. No response has been filed, and the time for doing so has expired. *See* LRCiv 7.2(c); Fed. R. Civ. P. 6(a). For reasons that follow, the Court will grant the motion.

Because Defendant's default has been properly entered under Rule 55(a) (*see* Dkt. ##4-6), the Court has discretion to grant default judgment against Defendant pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include the possibility of prejudice to Plaintiffs, the merits of the claims, the sufficiency of the complaint, the amount of money at stake, the possibility of a dispute concerning material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered Plaintiffs' motion, which addresses each *Eitel* factor (*see* Dkt. #9), and having reviewed the supporting evidence (Dkt. #9-2) and the well-pled factual allegations of the complaint (Dkt. #1), the Court concludes that the requested default judgment (Dkt. #9-3) is appropriate. *See Wine v. SCH Elec., L.L.C.*, No. CV-08-0874-PHX-

LOA, 2008 WL 4073853 (D. Ariz. Aug. 28, 2008) (granting default judgment against employer on LMRA and ERISA claims for its failure to make fringe benefit contributions to trust funds as required by collective bargaining agreement).

**IT IS ORDERED AND ADJUDGED:**

1. Plaintiffs' motion for default judgment (Dkt. #9) is **granted**. Default judgment is entered in favor of Plaintiffs and against Defendant on the LMRA and ERISA claims asserted in the complaint (Dkt. #1).

2. Plaintiff IBEW Local Union No. 640 and Arizona Chapter NECA Health & Welfare Fund is awarded **$9,717.50** for unpaid contributions and **$1,026.38** for liquidated damages.

3. Plaintiff IBEW Local Union No. 640 and Arizona Chapter NECA Pension Fund is awarded **$8,005.10** for unpaid contributions and **$837.62** for liquidated damages.

4. Plaintiff National Electrical Benefit Fund is awarded **$2,291.01** for unpaid contributions and **$229.10** for liquidated damages.

5. Plaintiff Phoenix Electrical Industry Joint Apprenticeship and Training Committee is awarded **$782.52** for unpaid contributions and **$81.77** for liquidated damages.

6. Plaintiff NECA-IBEW National Labor-Management Cooperative Fund is awarded **$35.06** for unpaid contributions and **$3.50** for liquidated damages.

7. Plaintiffs are awarded **$650.00** for attorney fees and **$350.00** for costs.

8. The Clerk is directed to **terminate** this action.

DATED this 2nd day of July, 2009.

David G. Campbell
United States District Judge